In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-24-00084-CR
NO. 09-24-00085-CR
_____

JORGE ANGEL DAVILA, Appellant

V.

THE STATE OF TEXAS, Appellee

**On Appeal from the 252nd District Court
Jefferson County, Texas
Trial Cause Nos. F21-37111 and F21-38015**

**MEMORANDUM OPINION**

On July 6, 2022, the trial court sentenced Jorge Angel Davila on convictions for aggravated sexual assault of a child and sexual assault of a child. In each case, Trial Court Cause Number 21-37111 and Trial Court Cause Number 21-38015, the trial court certified that the case resulted from a plea-bargain case and that the

defendant did not have a right to appeal.[1] More than a year later—on March 3, 2024—Davila, acting *pro se*, filed a joint notice of appeal in Trial Court Cause Numbers 21-37111 and 21-38015.[2]

After Davila filed the joint notice of appeal in the two cases with the Jefferson County District Clerk, the District Clerk sent the notices of appeal and the trial court's certifications that indicate Davila did not have the right to appeal to the Ninth Court of Appeals. After the appeals were filed on the Ninth Court's docket, the Clerk of the Ninth Court of Appeals sent a letter to the parties on March 6, 2024, notifying them that the Court would dismiss the appeals unless the appellant could establish that the trial court's certifications were incorrect.

---

[1] A slight discrepancy in the case numbers on Judgments of Conviction and the numbers assigned to the appeals occurred because Jefferson County implemented a new case numbering system after the trial court signed the judgments. The change resulted in Trial Court Cause Number 21-37111 being renumbered Cause Number F21-37111 and in Trial Court Cause Number 21-38015 being renumbered Cause Number F21-38015.

[2] The joint notice was filed in both cases too late to qualify for the fifteen-day grace period in which the Rules of Appellate Procedure allow this Court to grant appellants who fall within the fifteen-day grace period an opportunity, when requested in a motion, to correct their failure to file a notice of appeal by the deadline by which the notice of appeal was due. *See* Tex. R. App. P. 10.5(b), 26.2, 26.3.

Because the records lack certifications that show Davila has the right of appeal, we dismiss the appeals.[3]

APPEALS DISMISSED.

PER CURIAM

Submitted on April 30, 2024
Opinion Delivered May 1, 2024
Do Not Publish

Before Golemon, C.J., Horton and Wright, JJ.

---

[3]*See id*. 25.2(d), 43.2(f).